IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOY MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | **Civil Action File No.** |
| BEACON SALES ACQUSITION ) | |
| INC. ) | _____ |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Joy Mitchell (hereinafter "Mitchell"), by and through undersigned counsel, and files this lawsuit against Beacon Sales Acquisition, Inc. (hereinafter "Beacon"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

**INTRODUCTION**

1.

The instant action arises from Beacon's violations of Mitchell's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Beacon which have deprived Mitchell of her lawful overtime wages.

2.

During the employment of Mitchell, Beacon violated the FLSA by failing to compensate Mitchell at the legally appropriate overtime rate for hours worked in excess of forty (40) hours in a given workweek.

3.

Mitchell seeks unpaid overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

5.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) and (c) because the acts complained of occurred within the State of Georgia and because Beacon is subject to personal jurisdiction in this District.

## **PARTIES**

6.

Mitchell resides in DeKalb County (within this District) and is a citizen of the United States.

7.

At all times material to this action, Mitchell was an "employee" of Beacon defined by § 203(e)(1) of the FLSA, and worked for Beacon within the territory of the United States. Mitchell is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Beacon.

8.

At all times material hereto, Mitchell was a non-exempt "employee" of Beacon for the purposes of the FLSA.

9.

Beacon is a Delaware corporation with its principal office located at 505 Huntmar Park Drive, Suite 300 Herndon, Virginia 20170. Beacon regularly does business in the State of Georgia and may be served through its registered agent, Corporation Service Company at 40 Technology Parkway Southsuite 300 Norcross, Georgia 30092. At all times material hereto, Beacon was an "employer" of Mitchell for purposes of the FLSA.

10.

Beacon maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

11.

Beacon is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit.

12.

At all times material to this action, Beacon was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

13.

At all times material hereto, Beacon had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce. Thus, Beacon was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce for purposes of the FLSA.

14.

At all times material hereto and upon information and belief, Beacon has produced at least $500,000 in annual gross volume of sales made or business done.

15.

The overtime provisions set forth in § 207 of the FLSA apply to Beacon.

## FACTUAL ALLEGATIONS

16.

From May 15, 2017 until October 23, 2017 Mitchell was employed by Beacon as an "inside sales position".

17.

Mitchell worked in an entry-level training position, and her primary job duties were not sales.

18.

At all times relevant hereto, Mitchell was not responsible for managing any other employees. Mitchell did not conduct any employees' reviews, schedules, vacation requests or warnings.

19.

At all times relevant hereto, Mitchell did not possess the authority to hire or fire other employees.

20.

At all times relevant hereto, Mitchell's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

21.

At all times relevant hereto, Mitchell did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

22.

At all times relevant hereto, Mitchell was a non-exempt employee for purposes of overtime compensation.

23.

While employed by Beacon, Mitchell was usually required to work in excess of forty (40) hours a week.

24.

During Beacon's employment with Mitchell, Beacon did not compensate Mitchell for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay, as required by law.

25.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Mitchell are in the possession of Beacon.

## **COUNT ONE: FLSA VIOLATION (OVERTIME)**

26.

Mitchell re-alleges and incorporates paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

27.

Beacon failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Mitchell.

28.

Beacon failed to meet the requirements for paying Mitchell at the rate of at least one and one-half times the regular hourly rate for time worked in excess of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

29.

Beacon is liable to Mitchell for compensation for any and all time Mitchell worked in excess of forty (40) hours per week at the rate of at least one and one-

half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

30.

By its actions alleged herein, Beacon willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

31.

Beacon willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Mitchell in accordance with § 203 and § 207 of the FLSA.

32.

As a result of Beacon's violations of the FLSA, Mitchell has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

33.

As a result of Beacon's willful violations of the FLSA, Mitchell is entitled to liquidated damages.

## **COUNT TWO: ATTORNEYS' FEES AND EXPENSES**

34.

Mitchell re-alleges and incorporates paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

35.

Mitchell has retained undersigned counsel to represent her in this action and has incurred costs and reasonable attorneys' fees.

36.

Pursuant to 29 U.S.C. § 216(b), Mitchell is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

37.

Beacon has not made a good faith effort to comply with the FLSA with respect to its compensation of Mitchell.

38.

As a result of Beacon's unlawful acts, Mitchell has been deprived of overtime wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## **PRAYER FOR RELIEF**

WHEREFORE, Mitchell pursuant to § 216(b) of the FLSA, prays for the following relief:

(a) that she be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

(b) that she be awarded the costs and expenses of this action; and

(c) that this Court enter such other and further relief as is just and proper under the circumstances.

Respectfully submitted this 11th day of December, 2017.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
ARIEL D. FENSTER
Georgia Bar No. 420858

3340 Peachtree Road, NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
afenster@cohanlawgroup.com

I further certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

**COHAN LAW GROUP, LLC**

*/s/ Ariel D. Fenster*

ARIEL D. FENSTER
Georgia Bar No. 420858
