## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Joy Mitchell ("Mitchell") and Beacon Sales Acquisition, Inc. ("Beacon" or the "Company"), this 29th day of December, 2017.

WHEREAS, Mitchell is a former employee of Beacon who filed a lawsuit against Beacon in the United States District Court for the Northern District of Georgia, Case No. 1:17-cv-05044-A (hereinafter "the District Court Action") asserting a claim for overtime arising under the Fair Labor Standards Act ("FLSA"); and

WHEREAS, Beacon maintains that it acted lawfully with respect to its compensation and employment of Mitchell and specifically denies all of the allegations made in the District Court Action; and

WHEREAS, the parties desire to compromise all disputes between them and avoid the legal fees, expenses and commitment of time and other resources that will result from further litigation of this matter.

NOW THEREFORE, for and in consideration of the payments, releases and covenants described below, the receipt and sufficiency of which are hereby acknowledged, Mitchell and Beacon agree as follows:

1. **Dismissal of District Court Action With Prejudice.** Mitchell agrees that, in consideration for the payments and covenants made to her and her attorney under the terms of this Agreement, she will dismiss the District Court Action with prejudice. Mitchell shall cause her attorneys, the Cohan Law Group, to execute the Notice of Voluntary Dismissal With Prejudice attached hereto as Exhibit A (the "Dismissal") for filing with the District Court.

2. **Release of Claims.** In consideration of the sums being paid to her under the terms of this Agreement and the other promises contained in this Agreement, Mitchell for herself, her successors and assigns, now and forever hereby releases and discharges Beacon and all its past and present officers, directors, stockholders, employees, agents, parent corporations, predecessors, subsidiaries, affiliates, estates, successors, assigns and attorneys (hereinafter collectively referred to as the "Beacon Releasees") from any and all claims, charges, actions, causes of action, sums of money due, suits, debts, covenants, contracts, agreements, rights, damages, promises, demands or liabilities, whether at law or in equity and whether known or unknown, that were asserted, or could have been asserted, against Beacon in the District Court Action (hereinafter collectively referred to as "Claims"). Without limiting the foregoing, Mitchell understands and agrees that she has knowingly relinquished, waived and forever released any and all remedies arising out of such Claims, including, without limitation, back pay, front pay, liquidated damages, penalties, costs, expenses and attorneys' fees.

In consideration of the dismissal of the District Court Action and the other promises contained in this Agreement, Beacon for itself and the Beacon Releasees, now and forever

hereby releases and discharges Mitchell and all of her assigns and attorneys (hereinafter collectively referred to as "Mitchell Releasees") from any and all claims, charges, actions, causes of action, sums of money due, suits, debts, covenants, contracts, agreements, rights, damages, promises, demands or liabilities, whether at law or in equity and whether known or unknown, that were asserted, or could have been asserted, against Mitchell in the District Court Action (hereinafter collectively referred to as "Claims"). Without limiting the foregoing, Beacon understands and agrees that it has knowingly relinquished, waived and forever released any and all remedies arising out of such Claims, including, without limitation, back pay, front pay, liquidated damages, penalties, costs, expenses and attorneys' fees.

3. Payments to Mitchell and Her Attorney.

(a) Subject to the full execution of this Agreement and Mitchell's compliance with its terms and conditions, Beacon shall pay the total sum of $6,437.19, as follows:

(1) One check payable to Mitchell in the amount of $1,664.26, less all required local, state, and federal tax deductions, which represents settlement of Mitchell's claims for alleged unpaid overtime. Beacon will report this payment on IRS Form W-2.

(2) One check made payable to Mitchell in the amount of $1,664.26, which represents settlement of Mitchell's claims for liquidated damages. Beacon will report this payment on IRS Form 1099.

(3) One check in the amount of $3,108.67, payable to The Cohan Law Group for Mitchell's claims for costs and attorneys' fees owed to or paid by her to The Cohan Law Group. These attorneys' fees/costs will be reported on an IRS Form 1099 issued to The Cohan Law Group, but will not be subject to any tax withholding by Beacon.

All payments contemplated by this Section shall be made within ten (10) days following the Court's approval of the settlement and dismissal with prejudice of the District Court Action pursuant to the Dismissal.

(b) By her signature below, Mitchell swears and affirms that she has been paid in full for all hours that she worked during her former employment by Beacon and that she has received all overtime payments that she may have been entitled to receive as a result of her employment by Beacon. Mitchell acknowledges and agrees that this representation is a material term of this Agreement and that Beacon has relied upon her representation in signing this Agreement.

4. Non-Admission of Liability. Neither the consideration described herein nor anything connected with this Agreement is to be construed as evidence or an admission of liability or otherwise unlawful actions or practices on the part of Beacon or any other Beacon Releasee, by whom all liability and alleged wrongful actions are expressly denied.

ATL01/12186741v1

5. _Acknowledgments._ Mitchell acknowledges and agrees that she has executed this Agreement voluntarily, that she has had full and reasonable opportunity to consider this Agreement, that she has been represented by and has consulted with her attorney about this Agreement, and that she has not been pressured or in any way coerced into executing this Agreement. Mitchell further acknowledges and represents that, except for the District Court Action, she has not filed any complaint or charges against Beacon relating to her employment with any other local, state or federal agency or court.

6. _Non-Disparagement._ Mitchell agrees and covenants that she shall not make or publish, orally or in writing, any derogatory or disparaging statements regarding the Beacon Releasees. Beacon agrees and covenants that it shall not make or publish, orally or in writing, any official statements on behalf of the Company that are derogatory or disparaging regarding the Mitchell Releasees, and agrees that it shall instruct the following individuals to refrain from making or publishing, orally or in writing, any derogatory or disparaging statements regarding Ms. Mitchell to any third parties: Keith Fleming and Melissa Miller. In addition, the parties and their attorneys specifically agree not to respond to any inquiries from a member of the press, or publish any information in any source, that relates to this Agreement or termination of the District Court Action. With respect to other persons outside of their organizations, and except as required by law, the parties will state that the District Court Action was resolved, but will not comment further about the District Court Action or the Agreement.

7. _Governing Law and Severability._ This Agreement and the rights and obligations of the parties hereto shall be governed and construed in accordance with the laws of the State of Georgia. If any provision hereof is unenforceable or is held to be unenforceable, such provision shall be fully severable, and this document and its terms shall be construed and enforced as if such unenforceable provision had never comprised a part hereof.

8. _Non-Revocation._ Mitchell acknowledges and agrees that this Agreement is valid and enforceable and that she will not institute any suit, action, or proceeding, whether at law or equity, challenging the enforceability of this Agreement. Should Mitchell ever attempt to challenge the terms of this Agreement, attempt to obtain an order declaring this Agreement to be null and void, or institute litigation against Beacon or any other Beacon Releasee based upon a claim which is covered by the terms of the release contained herein, Mitchell will as a condition precedent to such action repay to Beacon all monies paid under the terms of this Agreement. Furthermore, if Mitchell does not prevail in an action to challenge this Agreement, to obtain an order declaring this Agreement to be null and void, or in any action against the Company or any other Beacon Releasee based upon a claim which is covered by the release contained herein, Mitchell shall pay to the Company and/or the appropriate Releasee all their costs and attorneys' fees incurred in their defense of such action.

9. _Taxes._ Mitchell understands and agrees that Beacon will report the payments described in Section 3 to the IRS in the manner set forth therein. Mitchell also agrees not to make any claim against Beacon or any other person based on how the Company reports amounts paid under this Agreement to tax authorities or if an adverse

- 3 -

determination is made as to the tax treatment of any amounts payable under this Agreement.

10. <u>Entire Agreement and Amendment</u>. The parties agree that there have been no offers or inducements regarding the making of this Agreement except as expressly set forth herein. The parties agree that this document is reasonable and acceptable to both parties and that neither party shall be considered the drafter for the purpose of construing any ambiguity or disagreement. The parties agree that this Agreement may not be modified, altered or changed except upon express written consent of all parties wherein specific reference is made to amending this Agreement. The parties' respective rights under this Agreement shall inure to the benefit of their predecessors, successors, assigns, heirs, and transferees.

11. <u>Timeliness</u>. The parties agree that time is of the essence as to the performance of their respective obligations under this Agreement.

IN WITNESS WHEREFORE, the parties hereto have executed this Agreement on the date(s) set forth below.

*[Signature]*
JOY MITCHELL

SWORN TO AND SUBSCRIBED before Me this **29** day of **December 2017**.

*[Signature]*
NOTARY PUBLIC
My Commission Expires: **08/25/2018**

*[Notary Seal: CORY BORGER, NOTARY PUBLIC, HALL COUNTY, GEORGIA]*

BEACON SALES ACQUISITION, INC.

*[Signature]*
Name: Chuck Gartland
Title: VP + Assoc. Gen. Counsel
Date: 12/29/17

APPROVED AS TO FORM

_____
Counsel for Mitchell

*[Signature]*
Counsel for Beacon

- 5 -